# IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

MICHAEL BLAN,

      Plaintiff,

       v.

BENCHMARK RECOVERY, INC.

      Defendant.

## **COMPLAINT**

    MICHAEL BLAN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against BENCHMARK RECOVERY, INC. ("Defendant"):

### INTRODUCTION

    1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

    2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the State of Colorado and as such, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Pueblo, Colorado 81005.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      In the alternative, Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.      Defendant is a debt collection company with its principal office located at 3627 152nd ST NE, Marysville, Washington 98271.

9.      Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

10.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and attempted to collect a consumer debt from Plaintiff.

PLAINTIFF'S COMPLAINT

11.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### FACTUAL ALLEGATIONS

12.    At all relevant times, Defendant was attempting to collect an alleged consumer debt.

13.    The alleged debt, a consumer credit account issued by Bank of the West, arose out of transactions that were primarily for personal, family, or household purposes.

14.    On or about November 25, 2013, Defendant sent a collection letter to Plaintiff seeking and demanding payment of the alleged debt.  See Exhibit A, Defendant's November 25, 2013, letter to Plaintiff.

15.    In its letter, Defendant claims that the "Interest Due" on the account is "$1,125.68" and that the interest rate is "018.00%."

16.    Upon information and belief, Defendant attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the alleged debt.

17.    Upon information and belief, Defendant attempted to collect interest, fees or other charges from Plaintiff in an amount not permitted by law.

18.    Upon information and belief, Defendant misrepresented the amount

of debt allegedly owed by Plaintiff.

19.     In addition, in its November 25, 2013, letter, Defendant deceptively described the account as "delinquent."  <u>See</u> Exhibit A.

20.     Upon information and belief, the credit account was not "delinquent."

21.     Upon information and belief, the underlying terms and conditions of the agreement governing the underlying credit account does not provide for an account being designated "delinquent."

**DEFENDANT VIOLATED THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

**COUNT I**

22.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e and 1692e(2)(A).

a.      A debt collector violates § 1692e of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

b.      A debt collector violates § 1692e(2)(A) of the FDCPA by misrepresenting the character, amount, or legal status of any debt.

c.      Here, Defendant violated §§ 1692e and 1692e(2)(A) of the FDCPA by misrepresenting the amount of debt allegedly owed by Plaintiff, including claiming that the interest rate was

4

018.00%, as well as stating that the account was "delinquent."

## COUNT II

23.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692f and 1692f(1).

    a.     A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b.     A debt collector violates § 1692f(1) of the FDCPA by collecting any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

    c.     Here, Defendant violated §§ 1692f and 1692f(1) of the FDCPA by attempting to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the alleged debt or otherwise permitted by law.

WHEREFORE, Plaintiff, MICHAEL BLAN, respectfully prays for a judgment as follows:

    a.     All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

5

b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

d.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MICHAEL BLAN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

Date: July 30, 2014          By  /s/ Craig Thor Kimmel_____
                             CRAIG THOR KIMMEL
                             PA Attorney ID# 57100
                             Kimmel & Silverman, P.C.
                             30 E. Butler Pike
                             Ambler, PA 19002
                             Phone: (215) 540-8888 ext. 148
                             Fax: (877) 788-2864
                             Email: kimmel@creditlaw.com

6

PLAINTIFF'S COMPLAINT